RECEIPT # 54099
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 3/31/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERTA MANCUSO | * |
| | * |
| VS. | * CIVIL ACTION #: _____ |
| | * |
| AIRBORNE EXPRESS | * |

04  10625  RCL

**_COMPLAINT AND DEMAND_**
**_FOR JURY TRIAL_**

MAGISTRATE JUDGE _RBC_

**_NATURE OF THE ACTION_**

1.    By this action, Roberta Mancuso, (hereinafter the Plaintiff), seeks from the named Defendant, compensation for her lost wages and benefits, emotional and physical distress, and for the intentional retaliatory actions taken against her by the Defendant and in violation of the Civil Rights Act of 1964, as Amended and United States Code section 1981 and Massachusetts General Laws, Chapter 151B, in the termination of her employment with Airborne Freight, Incorporated, d.b.a. Airborne Express (hereinafter the Defendant).

PARTIES AND JURISDICTION

2.    Plaintiff is a natural person and citizen of the State of New Hampshire residing at 100 Appletree Road, Auburn, New Hampshire.  Plaintiff was an employee of the Defendant and worked out of Defendant's offices located in Stoneham and Needham, Massachusetts.

1

3.    Defendant, being at all material times the employer of Roberta Mancuso, is a Delaware Corporation having general offices at 3101 Western Avenue, PO Box 662, Seattle, Washington 98111-0662 and local offices where Plaintiff was employed at 200 Fallon Road, Stoneham, Massachusetts and 159 Wells Avenue, Needham, Massachusetts 02459.

4.    This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1332 in that the matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs; the action is between citizens of different states and pursuant to a Notice of Right to Sue dated January 12, 2004, issued by the Boston Area Office of the U.S. Equal Employment Opportunity Commission.  This Court has jurisdiction over the State claims pursuant to 28 U.S.C., Section 1367 as they are so related to claims in the action within the original jurisdiction that they are part of the same case and controversy.

### ___PLAINTIFF'S CLAIM___

5.    On July 15, 1991, Plaintiff began her employment with the Defendant as a part time, on-call driver.  Defendant subsequently employed Petitioner as a full time truck driver on July 12, 1999.

6.    Plaintiff is an attractive woman and single mother to three boys, one aged fifteen and twins aged nine.

2

7.    Plaintiff was one of few female Airborne Express drivers in the Airborne facilities situated in Newton and Stoneham, Massachusetts, (referred to respectively by Defendant by the three letter codes "NED" and "NSH.").

8.    Plaintiff's position as a truck driver for Airborne Express afforded her a higher rate of pay than many other jobs typically held by women and allowed her to become part of a union with the added benefits of seniority, wage increases, and job security. At the time of her termination she earned $19.48 an hour.

9.    On or about March 13, 2000, while employed at the Stoneham facility, a fellow employee, David Lemieux, brought a nude photograph of himself to work and exposed himself to Plaintiff by showing her the picture. Plaintiff thereafter reported Mr. Lemieux's actions to her union steward, Phil Mathews, and together they reported the act to Plaintiff's supervisor, Charles McGrath.

10.    Mr. McGrath publicized to other personnel within the facility that Plaintiff had made a complaint against a male coworker. Thereafter, when Plaintiff attempted to use the two-way radio to communicate, other male drivers cut into the frequency and referred to her as part of the "rat crowd", and used profanity and other means to drive her off the radio. Her car was damaged in an employee only parking lot. Male co-workers made reference to the fact that she was only hired because she was a woman and the company "had to have so many (of them) there."

11.    The other employees, generally male, who performed similar jobs for the Defendant refused to assist Plaintiff in the loading and unloading of trucks.  Plaintiff was forced to load freight by herself that normally required the labor of two and/or three employees.  Plaintiff made management aware of the problem; management refused to address the problem.  On July 2, 2000, Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination and The Equal Employment Opportunity Commission.

12.    On or about April of 2001, Plaintiff was bid out of all the driver's routes emanating from the NSH facility in Stoneham.  A fellow male employee told Ms. Mancuso "you might as well get used to going to Newton; they're bidding you out of the building."  When she reported to the NED facility, a co-worker at the NED building told her "we know about your history; the supervisors are on guard."

13.    In April of 2000, Plaintiff suffered an injury to her neck and upper arm and was out of work until May 18, 2000; she attempted to return to work but suffered a recurrence of symptoms.  Plaintiff returned to full work duty on September 5, 2000.  Plaintiff also suffered periods of anxiety and depression as a result of Defendant's failure to address their male employees' treatment of the Plaintiff. Her anxiety caused her to experience chest pain and other physical symptoms for which she sought treatment.

14.    From April of 2000 forward, Plaintiff notified her immediate supervisors, managers and human resource personnel in Seattle, Washington, that she was being retaliated against for filing the complaint with her manager against David Lemieux. Defendant took no action to stop the retaliation.

15.    Instead, Plaintiff began receiving written warnings from her manager regarding absences from work despite the fact that she often provided appropriate doctor's notes and/or other reasons verifying the medical problems of her own and/or her children and other events which kept her out of work.

16.    On January 4, 2002, she injured her left forearm after pulling up the rear door of a truck and was unable to work.

17.    On January 29, 2002, Defendant fired the Plaintiff, citing "excessive absenteeism" as the cause.

18.    As a result of her termination, Plaintiff filed a second complaint for gender discrimination, retaliation and intentional discrimination with the Equal Employment Opportunity Office in Boston, Massachusetts and the Massachusetts Commission Against Discrimination.  Prior to the close of its investigation, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Office and filed this action.

19.    Defendant had a duty to Plaintiff as her employer to provide her with a work environment free from sexual harassment, gender based harassment and/or discrimination and to protect her from the retaliation of fellow employees for reporting acts of harassment under Title VII of the Civil Rights Act of 1964, and as amended, U.S.C.1981 and under the applicable laws of ALM, GL Chapter 151B.

20.    Defendant had a duty to Plaintiff as her employer to provide her with a work environment free from sexual harassment, gender based harassment and/or discrimination and to protect her from the retaliation of fellow employees for reporting acts of harassment and discrimination pursuant to Defendant's own established zero tolerance policies with regard to harassment and discrimination.

21.    Defendant knew of the harassment and still failed to control their male supervisors and employees regarding the sexual harassment, retaliation, and gender discrimination of the Plaintiff. Defendant acted with malice and reckless indifference to Plaintiff's Federal and State rights to be free from such discrimination in the workplace.

22.    Defendant's actions constituted an unlawful employment practice in violation of section 704 of the Civil Rights Act of 1964 and as Amended and 42 USCS section 2000e-3(a), where Defendant terminated Plaintiff's employment for her opposition to sexual harassment and the discriminatory conduct of her managers and co-workers;

6

23.    Defendant's actions constituted an unlawful employment practice in violation of 42 USCS section 2000e-2, where Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment based on her sex.

24.    Defendant's actions constituted an unlawful employment practice in violation of 42 USCS section 2000, et seq., where Plaintiff was subjected to a hostile working environment based on her sex and in retaliation for her report of sexual harassment to the Defendant and to the appropriate regulatory commissions.

25.    Defendant's actions constituted an unlawful employment practice in violation of 42 USCS section 2000, et seq., and USCS section 1981a, where Defendant willfully, recklessly and maliciously subjected Plaintiff to intentional discrimination based on her sex and in retaliation for her complaint of sexual harassment.

26.    Defendant's actions constituted an unlawful employment practice under ALM GL. Ch 151 B, section 4.4 of the Annotated Laws of Massachusetts, where Defendant terminated Plaintiff's employment for her opposition to sexual harassment and the discriminatory acts of her managers and co-workers.

7

27.     Defendant's actions constitute an unlawful employment practice under ALM GL. Ch 151B, E 4.1 of the Annotated Laws of Massachusetts where Defendant discriminated against Plaintiff on the basis of her gender in the terms, conditions and privileges of her employment.

28.     Defendant's actions constitute an unlawful employment practice in violation of ALM GL Ch 151 B 3A where plaintiff was subjected to a hostile work environment based on her sex and in retaliation for her report of sexual harassment to Defendant and to the appropriate regulatory commissions.

29.     Defendant's actions constituted an unlawful employment practice in violation of ALM GL. CH 151 B, 4.4 and 5 where Defendant intentionally, recklessly and maliciously subjected Plaintiff to intentional discrimination based on her sex and in retaliation for reporting sexual harassment and other discriminatory acts of her managers and co-workers to Defendant and to the appropriate regulatory commissions.

30.     As a direct and proximate result of Defendant's discrimination, Plaintiff was deprived of economic and non-economic benefits including, but not limited to, lost wages, pain and suffering, mental anguish, humiliation, embarrassment, and loss of fringe benefits.

**WHEREFORE PLAINTIFF respectfully requests the following be awarded:**

A.    An award of appropriate compensatory damages as allowed under applicable Federal and State laws.

B.    Lost wages, interest on lost wages and lost benefits as allowed under applicable Federal and State Laws.

C.    Reasonable attorney's fees and expert fees as allowed under 42 USCS section 1988(b) and (c) and applicable State law.

D.    Punitive damages for Defendant's willful, reckless and malicious discrimination as allowed under applicable Federal and State Laws.

E.    Exemplary and multiple damages as allowed under applicable Federal and State Laws.

F.    Such other and further relief as may be just and equitable.

**_PLAINTIFF DEMANDS A TRIAL_**
**_BY JURY ON ALL ISSUES_**


Respectfully submitted,
Roberta Mancuso

By Her Attorneys
**Solomon Professional Association**


Date: March 26, 2004                    By:  _Elaine M Kennedy, Esquire_

                                             Elaine M. Kennedy, Esquire
                                             BBO: 641037
                                             One Buttrick Road
                                             P.O. Box 937
                                             Londonderry, New Hampshire 03053
                                             (603) 437-3700