IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-CV-10625-RCL

ROBERTA MANCUSO,           )
                           )
    Plaintiff,             )
                           )
vs.                        )
                           )
AIRBORNE EXPRESS           )

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Airborne Express ("Airborne") hereby responds paragraph by paragraph to the allegations of plaintiff's complaint as follows:

1. The introductory allegations of paragraph 1 require no response. To the extent a response is required, Airborne denies the allegations.

2. Defendant admits that plaintiff is a natural person but otherwise lacks information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 2. Defendant admits the allegations of the second sentence of paragraph 2.

3. Defendant states that its proper name is Airborne Express, Inc., but otherwise admits the allegations of paragraph 3.

4. The defendant states that the allegations of paragraph 4 constitute conclusions of law to which no response is required.

5. The defendant denies the allegations of the first sentence of paragraph 5 and admits the allegations of the second sentence of paragraph 5.

6. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 8 and admits the allegations of the second sentence of paragraph 8.

9. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9, except that defendant admits that after allegations of misconduct were made against the plaintiff by one or more co-workers, she reported to her supervisor certain complaints against Mr. Lemieux.

10. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of the first two sentences of paragraph 11. Defendant admits that plaintiff reported to management that she was allegedly experiencing certain problems and that she filed a complaint with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission on or about July 2, 2000. Defendant otherwise denies each and every allegation of paragraph 11.

12. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant admits that plaintiff received numerous written warnings due to her absences from work and other matters, but otherwise denies the allegations of paragraph 15.

16. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Denied. Further answering, defendant states that plaintiff's discharge became effective in March 2002 when her grievance was denied by the Joint Area Grievance Committee.

18. Defendant admits that plaintiff filed a second complaint as alleged, and that she received a Right to Sue letter from the Equal Employment Opportunity Commission, as alleged, but denies that there was any merit to these claims.

19. The allegations of paragraph 19 consist of conclusions of law to which no response is required. To the extent a response is deemed required, defendant states that plaintiff has not properly characterized the governing legal standards.

20. The allegations of paragraph 20 consist of conclusions of law to which no response is required. To the extent a response is deemed required, defendant states that plaintiff has not properly characterized the governing legal standards.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## SECOND DEFENSE

Plaintiff's complaint and each count thereof fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations and by her failures timely to file her claims with the Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination.

## FOURTH DEFENSE

Plaintiff's cause of action is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, et seq.

## FIFTH DEFENSE

Plaintiff's claim is barred by the doctrines of claim preclusion and res judicata based upon the actual litigation of her claim in union grievance procedures and in an appeal to the National Labor Relations Board, which resulted in a determination in Airborne's favor.

Defendant requests that the Court enter judgment dismissing plaintiff's complaint and awarding defendant its costs and expenses including attorneys' fees.

Respectfully submitted,

AIRBORNE EXPRESS, INC.

By its attorneys,

*[signature]*
Stephen M. Perry (BBO #395955)
Casner & Edwards, LLP
303 Congress St.
Boston, MA 02210
(617) 426-5900
BBO #395955

Dated: May 19, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each other party by mail on May 19, 2004

*[signature]*
Stephen M. Perry

5917.10/319625.1