UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10625RCL

| ROBERTA MANCUSO | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| AIRBORNE EXPRESS | ) |
| | ) |
| Defendant | ) |

**JOINT STATEMENT FOR LOCAL RULE 16.1 CONFERENCE**

I.  **DISCOVERY PLAN**

Initial Disclosure Statements to be served within fourteen days after Rule 16.1 conference.

Fact discovery to be completed by April 29, 2005.

Plaintiff's expert reports by February 15, 2005.

Defendant's expert reports by March 17, 2005.

Further discovery of liability experts, if any, by April 29, 2005.

Further discovery of damages experts, if any, by no later than two weeks before deadline for pretrial disclosures.

Pretrial disclosure 45 days before trial date.

II.  **PROPOSED SCHEDULE FOR FILING OF MOTIONS**

Dispositive motions to be filed by June 3, 2005, and responses to be filed by July 1, 2005. Replies by July 13, 2005.

III.  PRETRIAL CONFERENCE

The parties expect that the case will be ready for a final pretrial conference by July 15, 2005.

IV.  PLAINTIFF'S SUMMARY OF LIABILITY AND DAMAGES

In 2002, at the time of her termination, Roberta Mancuso was a thirty-nine (39) year old single mother of three (3) children. In 1998 she became employed at Airborne Express as a part-time employee, and became a full-time employee on July 12, 1999. She is a high-school graduate and the salary and benefits offered by Airborne Express were significantly better than at most other employers, especially for a single mother with children and a high school education.

During the course of her employment, Ms. Mancuso was exposed to gender discrimination based on her sex, female. She was told by male co-workers that she was only hired by Airborne because the Company had to hire so many of them (women). A prevailing sentiment existed that Ms. Mancuso worked too efficiently and which did not fit in with the labor mentality of the predominantly male workforce. At Airborne, women, even in this day and age, weren't supposed to be truck drivers. She was not accepted as a fellow employee, because she was a female.

In March of 2000, a fellow employee brought a nude photograph of himself to work and exposed himself to Ms. Mancuso by showing her the photograph. She reported this action to her supervisor. Although Airborne allegedly took action, they ultimately issued written warnings to <u>both</u> the fellow employee and Ms. Mancuso. Thereafter, Airborne failed to address increasing and unrelenting hostility by male supervisors and

co-workers exhibited toward Ms. Mancuso, in retaliation for her reporting the photo incident. For example, thereafter, when she attempted to use the two-way radio other male drivers would cut into the frequency and refer to her as part of the "rat crowd", and use profanity and other comments to drive her off the radio. The extent of the discrimination and hostility grew more insidious and sinister and ultimately led to physical and emotional injury. Her co-employees began refusing to assist Ms. Mancuso in loading and unloading her truck, therefore she had to undertake physical activity which normally required two or three employees. Management refused to address the problem. Ultimately she suffered injury to her neck and upper arm as a result of unloading a truck full of boxes weighing approximately 1,000 pounds, and was out of work for a period of time. Ms. Mancuso reported the retaliation and sought relief. In a management document, the following sentence is contained: *"Mancuso's demeanor is a bit hostile and she is being black-balled, causing more problems. She has not brought up gender harassment, but she may be setting up something that could come back to hurt Airborne."*

Ms. Mancuso began to experience anxiety and stress, the retaliation continued and ultimately her doctor ordered her out of work due to anxiety which had become so severe that she had physical symptoms including chest pain. Ultimately she was fired on January 29, 2002 for "excessive absenteeism".

42 U.S.C. { 2000e-2 (a)(1), Title VII of the Civil Rights Act of 1964 and as amended, prohibits gender discrimination. MGL c 151B, sec 4 (16 A.) prohibits discrimination on the basis of an employee's sex. Title VII and MGL c151B also make it unlawful for an employer to sexually harass an employee. Title VII and MGL c151B makes retaliation unlawful. 42 U.S.C. sec 1981 (b) provides for equal rights under the

law and allows the complaining party to recover compensatory and punitive damages under certain circumstances involving discrimination and discriminatory practices. Both Federal and State discrimination laws allow the award of attorney's fees.

V.  DEFENDANTS' SUMMARY OF LIABILITY AND DAMAGES

Plaintiff was a chronically insubordinate and hostile employee who could not get along with her co-workers or supervisors and who seldom showed up for work.

Defendant denies that plaintiff was the victim of any sexual harassment or sex discrimination for which it is responsible under state or federal law. Management at no time discriminated against plaintiff on account of her sex. To the extent any harassment by co-workers is alleged to have taken place, defendant denies that it was on account of plaintiff's sex or in retaliation for any complaints that she made. Defendant further denies that any such treatment by co-workers rose to the level of sexual harassment or sex discrimination under applicable law and further contends that it took appropriate steps to investigate and remediate these issues. The comment about "blackballing" quoted above is completely out of context as it was made *before* plaintiff made any report to a supervisor about alleged harassment. Plaintiff made her harassment complaint to the company only after she was the subject of complaints from co-workers about her own inappropriate behavior, including threatening conduct and unwelcome sexual conduct on her part. Plaintiff received a written warning because an investigation substantiated the complaint by a co-worker of sexually inappropriate conduct on her part.

Defendant denies that it retaliated against plaintiff for bringing a complaint. Further, defendant intends to establish that the plaintiff was disciplined on multiple occasions both before and after her allegations for various incidents of insubordination,

workplace disruption, tardiness, absenteeism and other issues. Her discharge for excessive absenteeism was the subject of an arbitration proceeding at which it was upheld. Plaintiff was then unsuccessful in her appeal to the National Labor Relations Board. Defendant contends that these proceedings are preclusive with respect to aspects of plaintiff's claim.

Defendant further denies that plaintiff sustained any damages as a result of any actionable misconduct on the part of the defendant. To the extent that plaintiff claims to have sustained personal injuries because co-workers allegedly failed to assist her, defendant disputes the claim and further contends that the claim is barred by the Massachusetts workers' compensation statute.

VI.   <u>CERTIFICATIONS OF COUNSEL AND PARTIES</u>

Defendant's Rule 16.1 certification is attached hereto. Plaintiff's certificate will be submitted on or before the date of the pretrial hearing.

VII.  <u>OTHER MATTERS</u>

Counsel for the parties have discussed Alternative Dispute Resolution ("ADR") and have concluded that ADR would not be productive at this stage of the litigation.

The parties are aware of no other agenda items, which must be discussed at the Rule 16.1 conference other than those described above.

The parties have not consented to trial by the Magistrate Judge.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| ROBERTA MANCUSO, | AIRBORNE EXPRESS, INC. |
| By her attorneys, | By its attorneys |

Peter Solomon, Esq.
Elaine M. Kennedy, Esq., BBO#641037
SOLOMON PROFESSIONAL
ASSOCIATION
One Buttrick Road
P. O. Box 937
Londonderry, NH 03053
(603) 437-3700

Dated: July 7, 2004

Stephen M. Perry, Esq., BBO#395955
CASNER & EDWARDS, LLP
303 Congress Street, 2nd Floor
Boston, MA 02210
(617) 426-5900

Dated: July 7, 2004

5917.10/325215.1

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| ROBERTA MANCUSO, | AIRBORNE EXPRESS, INC. |
| By her attorneys, | By its attorneys |

Peter Solomon, Esq.
Elaine M. Kennedy, Esq., BBO#641037
SOLOMON PROFESSIONAL
ASSOCIATION
One Buttrick Road
P. O. Box 937
Londonderry, NH 03053
(603) 437-3700

Dated: July 7, 2004

Stephen M. Perry, Esq., BBO#395955
CASNER & EDWARDS, LLP
303 Congress Street, 2nd Floor
Boston, MA 02210
(617) 426-5900

Dated: July 7, 2004

5917.10/325215.1